ORRAN E. BOYNTON in eq. *vs.* HENRY INGALLS, administrator *de bonis non.*

Lincoln. January 5, 1880.

*Equity. Administrator de bonis non.*

A supplemental bill cannot be sustained against the administrator *de bonis non* of an intestate estate for the allowance of certain necessary charges and expenses incurred in prosecuting the original bill, comprising the employment of counsel, travel to another state for the procurement of evidence, although the complainant was subjected to the same in consequence of the fraud and wrong of the administratrix of the estate.

BILL IN EQUITY, heard on bill and answer.

The complainant alleges in substance that, at the December term 1877, he recovered judgment on his original bill, declaring a certain deposit, the subject matter of his original bill, then remaining in the custody of the Saco and Biddeford savings institution, made by Clara Boynton in her life time with the bank book thereof, to be subject to a pledge in the right of the complainant as security to him for the debt of the intestate to him, and requiring the administratrix to tender or pay to the complainant the amount for which the pledge was made, with costs; that the administratrix died thereafterward, and whereupon the present defendant was duly appointed administrator *de bonis non;* that in consequence of the fraud and wrong of the administratrix, and as in the original bill set forth, the complainant has been subjected to sundry necessary expenses and charges in the employment of counsel, in travel to and from Boston to Maine and back, and the procurement of evidence in and out of Massachusetts, with loss of time incidental to the protection of his interest in the pledge and such taxable costs as in the original process to which this is supplemental. Prayer that said expenses and charges be allowed in addition to the taxable costs already decreed.

The answer admitted the charges and expenses, but denied that the pledge, or her estate, deposit or bank book ought or can be liable therefor, or that this defendant is in any manner liable for any part thereof.

*R. K. Sewall,* for the complainant.

*Henry Ingalls, pro· se.*

SYMONDS, J. This is a bill in equity against the administrator *de bonis non* of the estate of Clara Boynton, praying that certain necessary expenses and charges, not taxable as costs, incurred in a former proceeding in equity in which judgment with costs was rendered in favor of the present complainant against an administratrix of the same estate, and alleged to have been incurred through her fraud and wrong, may be allowed and decreed to be paid in addition to the taxable costs in the original process, to which this bill is claimed to be supplemental.

The proceeding is admitted to be without precedent, and the objections to it both in form and in substance are numerous and conclusive ; but the parties seem to have waived all formality, for the purpose of submitting to the court certain questions of law raised by the bill and answer.

No reason is perceived why the precise questions which are now presented should not have been raised at the original hearing and determined by the former decree. Whether the complainant should be allowed for counsel fees, or for travel for the purpose of procuring evidence out of the State, or for time employed in protecting his interest in the pledge, are all questions, on which certainly no reason appears why the original decree should not have passed. There is no averment of the occurrence, or of the discovery of any material fact since that decree. Apparently all these charges to which the complainant alleges he has been subjected by the fault of the administratrix, then representing the estate now represented by the respondent, had been incurred before the decree and in the same proceeding in which it was entered. The court had the same control over the allowance of counsel fees and other expenses in that proceeding, that it can have in this. The discretion of a court of equity over the whole subject of costs was as broad there as here. It was not limited then, more than now, to the allowance of the ordinary taxable costs only.

"A supplemental bill ought to be filed as soon as the new mat-

ter sought to be inserted therein is discovered; and if the party proceeds to a decree after the discovery of the facts on which the new claim is founded, he will not be permitted afterwards to file a supplemental bill, in the nature of a bill of review, founded on such facts." *Pendleton* v. *Fay*, 3 Paige, Ch. 204.

This bill aims at what is in effect an enlargement of the original decree, without assigning any error therein, or averring the existence or discovery of any new material fact.

The bill clearly cannot be sustained as supplemental, and if we were to treat it as an original proceeding, and were to look at the substantial rights without regard to form, it would be equally unavailing.

It avers that all the expenses, for the payment of which in addition to the taxable costs a decree is sought, were caused by the fraud and wrong of the administratrix. If this is the fact, the remedy is at law and against the administratrix personally, or her representatives, not in equity against the estate which she once represented. If she became liable for costs and expenses incurred through her fault, these would be no charge upon the estate. R. S., c. 87, § 2. For damages arising from her wrongful or fraudulent act, the administratrix personally was liable at law, not the estate nor her successor in the administration. Between her and the respondent, in such case, there is no privity, nor can one be said in any sense to represent the other. *Taylor* v. *Sewall*, 69 Maine, 148.

*Bill dismissed with costs.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.